1

2

3

4

5

6

7                            UNITED STATES DISTRICT COURT

8                            EASTERN DISTRICT OF CALIFORNIA

9

10   LAMAR BROOKS,                          **1:20-cv-00476-JLT-GSA-PC**

11              Plaintiff,                   **ORDER GRANTING DEFENDANT**
                                             **ARREZOLA'S MOTION TO MODIFY**
12       vs.                                 **SCHEDULING ORDER**
                                             **(ECF No. 30.)**
13   ARRIZOLA, et al.,
                                             **ORDER EXTENDING DEADLINE TO**
14              Defendants.                  **SERVE WRITTEN DISCOVERY UNTIL**
                                             **APRIL 14, 2022**
15
                                             **NEW DEADLINE:  APRIL 14, 2022**
16

17   **I.      BACKGROUND**

18         Plaintiff Lamar Brooks is a state prisoner proceeding *pro se* with this civil rights action

19   pursuant to 42 U.S.C. § 1983.  On January 10, 2022, the Court issued a Discovery and Scheduling

20   Order establishing pretrial deadlines for the parties, including a discovery deadline of June 10,

21   2022.  (ECF No. 25.)  The Order required that written discovery be served at least 60 calendar

22   days before the discovery deadline.  (Id. at 2:6.)  On April 13, 2022, Defendant Arrezola[1] filed a

23   motion to modify the Discovery and Scheduling Order.  (ECF No. 30.)

24   **II.     MOTION TO MODIFY SCHEDULING ORDER**

25         Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P.

26   16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations,

27

28
                     [1] Sued as Arrizola.

                                             1

Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The Court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant Arrezola requests a three-day extension of the deadline for serving written discovery, until April 14, 2022.

The Court finds good cause to extend the deadline to serve written discovery.  Defense counsel has shown that she was diligent in attempting to meet the deadline established in the Court's Discovery and Scheduling Order, but was unable to serve written discovery before the deadline expired.  Therefore, Defendant Arrezola's motion to modify the Scheduling Order shall be granted.

**III.   CONCLUSION**

Based on the foregoing and good cause having been presented to the court, **IT IS HEREBY ORDERED** that:

1.   Defendant Arrezola's motion to modify the court's Discovery and Scheduling Order, filed on April 13, 2022, is GRANTED;

2.   The deadline for serving written discovery is extended to **April 14, 2022** for all parties to this action; and

3.   All other provisions of the court's January 10, 2022 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   __**April 19, 2022**__          _____**/s/ Gary S. Austin**_____
                                                      UNITED STATES MAGISTRATE JUDGE